Muammar Reed, SBN 275133
11400 Olympic Boulevard, Suite 640
Los Angeles, California 90064
Telephone: (310) 216-8199
Facsimile: (310) 477-7672
Reed.muammar@gmail.com

Attorney for Plaintiff
Sophia Sims

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOPHIA SIMS**, an individual<br><br>**Plaintiff,**<br><br>vs.<br><br>**SERVICE EMPLOYEES INTERNATIONAL UNION ("SEIU")**, an entity, form unknown, **DAVE REGAN**, former SEIU appointed trustee of United Healthcare Workers West and as an individual, **ELISEO MEDINA**, SEIU appointed trustee of United Healthcare Workers West, **MARY KAY HENRY**, President of SEIU, **UNITED HEALTHCARE WORKER'S WEST**, an entity, form unknown, as Doe 1, **STANLEY LYLES**, an individual, as Doe 2, **and DOES 3 to 10, inclusive,**<br><br>**Defendants.** | CASE NO.: **CV11 – 01457**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) BREACH OF FIDUCIARY DUTY;<br>(2) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;<br>(3) BREACH OF CONTRACT;<br>(4) CONVERSION;<br>(5) ACCOUNTING;<br>(6) DECLARATORY RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

1
FIRST AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff Sophia Sims brings this action ("*Sims*" or "*Plaintiff*") on behalf of herself and the union members of defendant United Healthcare Workers West ("*UHW*") to seek redress for the misappropriation of UHW assets and resources and for the multiple, continuous breaches of fiduciary duties by UHW officers, its former trustees, and the officers of its controlling body, defendant Service Employees International Union ("*SEIU*").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 185 and 29 U.S.C. § 501. Venue lies in this District, because the defendants, in their official capacities, are officers or employees of SEIU and/or UHW, which represents members in this District, UHW has one of its two principal offices in this District, and because defendants themselves removed this action in this District.

## PARTIES

3. At all times mentioned herein, plaintiff Sims is an individual with a primary residence address of 9270 Amethyst Street, Rancho Cucamonga, California 91730. Sims is a dues paying union member of defendants SEIU and UHW.

4. At all times mentioned herein, defendant SEIU is an association, form unknown, with a primary business address of 1800 Massachusetts Avenue NW, Washington, DC 20036. SEIU has many local affiliates with primary offices in

Northern and Southern California.

5. At all times mentioned herein, defendant Dave Regan ("**Regan**"), former SEIU appointed trustee of UHW and current President of UHW, is an individual residing in California.

6. At all times mentioned herein, defendant Eliseo Medina ("**Medina**"), former SEIU appointed trustee of UHW and current SEIU Secretary - Treasurer, is an individual residing in Washington, D.C.

7. At all times mentioned herein, defendant Mary Kay Henry ("**Henry**"), SEIU President, is an individual whose residence is unknown.

8. At all times mentioned herein, defendant UHW is an association, form unknown, representing members in this District, with a principal Southern California office address of 5480 Ferguson Drive, Los Angeles, CA 90022.

9. At all times mentioned herein, defendant Stanley Lyles ("**Lyles**"), former UHW Vice President, former member of the UHW Executive Board, and current UHW Vice President.  Upon information and belief, Lyles resides in the Western Division of this District in the city of Simi Valley, Ventura County, California.

10. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 3 through 10, inclusive ("**Doe Defendants**"), and for that reason, sues such defendants under such fictitious names.  Plaintiff is informed and believes and based thereon alleges that such fictitiously named defendants are

responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by the conduct of said defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named defendants are ascertained. As alleged herein, defendants shall mean all named defendants and all fictitiously named defendants.

11. Plaintiff is informed and believes and based thereon alleges that defendants at all times relative to this action, were the agents, servants, partners, joint venturers and employees of each of the other defendants and in doing the acts alleged herein were acting with the knowledge and consent of each of the other defendants in this action. Alternatively, at all times mentioned herein, each of the defendants conspired with each other to commit the wrongful acts complained of herein. Although not all of the defendants committed all of the acts of the conspiracy or were members of the conspiracy at all times during its existence, each defendant knowingly performed one or more acts in direct furtherance of the objectives of the conspiracy. Therefore, each defendant is liable for the acts of all of the other conspirators.

## **SEIU & UHW**

12. SEIU is a large, influential international labor union with approximately 2 million members that is composed of smaller regional and local unions from different professions. United Healthcare Workers West ("*UHW*") is a branch of SEIU whose membership is composed of approximately 150,000

healthcare workers throughout Northern and Southern California. While each local and regional union pays dues to the international body, SEIU, they are intended to be independently operated, each conducting elections and passing their own constitution and bylaws.

## UHW OFFICERS' MISAPPROPRIATION

13.  On or about April 28, 2008 UHW's current counsel, Glenn Rothner ("*Rothner*"), on behalf of SEIU, filed a lawsuit against former UHW President, Salatori Roselli ("*Roselli*") and other former UHW officers, including Lyles (the current, recently elected, UHW Vice President). In the aforementioned lawsuit Rothner and SEIU alleged that Lyles and other former UHW officers wrongly caused at least $3 million to be transferred to a sham organization under their exclusive control.[1] *See* Exhibit A (attached hereto). Rothner and SEIU alleged that the sham organization was set up by Lyles and a small subset of other former UHW officers "to serve as a vehicle through [which] [they] could run a parallel off-the-books labor organization operated outside the reach of the democratic accountability and financial oversight controls provided for in the SEIU and UHW-W Constitutions…" *Id*. On or about July 22, 2008, the lawsuit was dismissed because the Court held SEIU did not have standing to sue UHW's former officers. See *Service Employees International Union v. Roselli*, 2008 WL3342721, *4-5

---

[1] Rothner and SEIU alleged that the sham organization purported to be a non-profit worker and patient education fund, but was neither for workers, patients nor education, and was not charitable. See Exhibit A.

(C.D. Cal. July 22, 2008) (Order Granting Defendants' Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted) ("***Order***"). However, upon information and belief, at least two hundred thousand dollars ($200,000.00) remain unrecovered. *Id*.

## **SEIU TRUSTEESHIP**

14. On or about January 2009, SEIU removed the former President of UHW, Rosselli, Lyles, and UHW's former officers, for failing to adopt the restructuring plan proposed by SEIU and/or due to their misappropriation of UHW funds. A report by former Secretary of Labor Marshall found that the former UHW officers engaged in "financial malpractice" by transferring UHW funds to a sham non-profit organization and using UHW funds to pay for attorney's fees ($500,000.00) in connection with disputes with SEIU. Consequently, under the recommendation of Secretary Marshall, SEIU suspended UHW's constitution and bylaws and placed UHW under trusteeship. Thereafter, SEIU and its head officer, Andy Stern, now Henry, unilaterally appointed Regan and Medina (SEIU sitting officers) as acting trustees of UHW to oversee, administer, and safeguard its assets and UHW's members.

15. Under the SEIU trusteeship, many more internal conflicts began to paralyze UHW. On or about September 2010, many UHW members, including those in the Kaiser division (44,000 members), filed to decertify SEIU as their official union. Upon information and belief, during the decertification election,

6
FIRST AMENDED COMPLAINT

between SEIU and rival union National Union of Healthcare Workers ("*NUHW*"), SEIU and its appointed trustee, Regan, illegally colluded with an employer (Kaiser) in order to win the decertification election. Subsequently, SEIU and UHW prevailed in the decertification election against NUHW. However, NUHW is now attempting to set aside the decertification election, on the basis that SEIU and Regan illegally colluded with Kaiser. UHW members are currently incurring substantial legal fees and costs as a result of SEIU and Regan's illegal actions and may have to pay for the costs of another decertification election if NUHW succeeds in setting aside the decertification election.

16. Shortly after the decertification election, SEIU and Regan made the decision to hold elections for a new UHW constitution and bylaws as well as new UHW officers. On or about December 10, 2010, after the new UHW constitution and bylaws were passed, Regan organized a Union Wide Organizing Committee meeting in Fresno, California at the Radisson Hotel ("*UWOC*"), which was attended by many of the most active and vocal UHW members. UHW and Regan had yet to officially announce officer elections to the UHW membership. However, during UWOC, Regan, in his capacity as trustee, and Lyles, used UHW resources and assets to promote their joint candidacy for President and Vice President, before nominations were even announced or open to the rest of the UHW membership. Regan and Lyles held a large campaign meeting and associated their candidacy with official UHW events and UHW employees. Regan and Lyles also used UHW

7
FIRST AMENDED COMPLAINT

resources and employees to hold a campaign reception and used UHW employees to distribute their personal campaign literature while under the scope of employment.

17.   Sims is currently employed as a ward clerk transcriber at Kaiser Permanente medical facility in Panorama City, California.  She has been an SEIU and UHW dues paying member for approximately twenty-three (23) years and has been extremely active member during these years.  Given her extensive knowledge of the inner workings of SEIU and UHW she decided in early 2010 that she would run for President of UHW, if SEIU and Regan ever decided to hold elections.  Sims attended UWOC with other UHW members.

18.   On or about December 12, 2010, Sims wrote an email to SEIU, and its President, Henry, in an attempt to determine how Regan paid for his election events and the UHW employees.  Again, on or about January 4, 2011, Sims and other UHW members sent a letter to SEIU, UHW, Regan, and Medina seeking answers as to whether Regan subsidized his campaign with UHW resources and assets.  In that same letter, Sims, and other members, also complained about the further conflict of interest in Regan and his staff's unilateral decision to personally appoint individuals to an election committee in an election where he and many members of his staff are candidates, and when he was also the current trustee of UHW.

19.   On or about January 4, 2011, SEIU and Henry appointed Michael Holland ("*Holland*") as election officer and to conduct an investigation into

8
FIRST AMENDED COMPLAINT

Regan's use of UHW resources and/or funds. On or about February 2, 2011, after interviewing disgruntled UHW members concerned with the misappropriation of their union dues, Holland and SEIU determined that there was nothing wrong with Regan, as trustee, commandeering UHW resources and dues to benefit his candidacy in the upcoming election. Holland also determined that there was nothing problematic with Regan appointing the election committee, regardless of his status as trustee. Sims appealed both decisions to SEIU and Henry, to no avail.

20.  Upon information and belief, during the UHW officer elections Regan, Lyles, and their campaign continuously used UHW resources and participated in a multiple instances of unethical conduct to win the election, in front of the face of an indifferent SEIU. Regan, Lyles, and/or their campaign attempted to bribe a UHW member with a slot on their ticket after he complained about the campaign festivities at UWOC. Regan also threatened to jeopardize the employment of a UHW member who openly supported Sims during a campaign visit.

21.  Upon information and belief, on or about February 28, 2011, Regan's campaign was also caught printing negative campaign fliers about Sims using UHW copier and/or printer resources. On or about March 3, 2011 Sims was notified of this scandal and filed another official protest with Holland, to no avail.[2] Furthermore, upon information and belief, on or about March 7, 2011, during the pendency of a federal lawsuit, the day of the Court's hearing on Plaintiff's Ex Parte

---

[2]  Sims filed an appeal to Holland's decision, which is currently pending.

FIRST AMENDED COMPLAINT

Application for a Temporary Restraining Order, Regan, Lyles, and/or their campaign directed a UHW employee under their control to destroy and/or tamper with direct evidence material to uncovering what was printed, how many were printed, and whether there were any previous attempts to make campaign materials with UHW resources.[3] *See* Email From Lindy Hookland to Henry (attached hereto as Exhibit B).

22. On or about March 16, 2011 Regan and Lyles won the election on the backs of all of their misconduct. Sims was the only other candidate for President that dared to challenge Regan for the position. UHW is now officially out of trusteeship and Regan is now UHW's current President. Lyles is now UHW's Vice President, the same individual Rothner and SEIU accused of transferring $3 million dollars to a sham organization less than three (3) years ago, and part of the reason for the trusteeship, one step away from leading UHW.

**FIRST CAUSE OF ACTION - BREACH OF FIDUCIARY DUTY**

(Against SEIU, Regan, Lyles, Henry, and Medina)

23. Plaintiff hereby repeats and realleges by reference all facts and allegations contained in paragraphs 1-22 of this Complaint as though fully and completely set forth herein.

24. By virtue of 29 U.S.C. § 501 and Regan and Medina's former

---

[3] Regan's technical employee drilled and/or tunneled through the roof of a locked room, during non-business hours, to access and wipe a computer that likely contained much direct and material evidence as to Regan and Lyles' misappropriation of UHW resources. *See* Exhibit B.

positions, authority, and common law obligations as SEIU appointed UHW trustees, appointed to oversee, administer and protect UHW assets and its members' interests and Plaintiff's status as an SEIU and UHW dues paying member for twenty-three (23) years, there existed a fiduciary duty owed by Regan and Medina to Plaintiff.

25. By virtue of 29 U.S.C. § 501 and Henry's position and authority as SEIU President and her ability to appoint, remove, and reprimand the UHW trustees, who were appointed to oversee, administer and protect UHW assets and its members' interests and Plaintiff's status as an SEIU and UHW dues paying member for twenty-three (23) years, there exists a fiduciary duty owed by Henry to Plaintiff.

26. By virtue of 29 U.S.C. § 501 and Lyle's former position as an UHW officer and his current position as UHW Vice President elected to oversee, administer and protect UHW assets and its members' interests and Plaintiff's status as an SEIU and UHW dues paying member for twenty-three (23) years, there exists a fiduciary duty owed by Lyles to Plaintiff.

27. By virtue of SEIU's decision to place UHW in trusteeship and SEIU's position and authority to appoint, remove, and reprimand the UHW trustees, who were appointed to oversee, administer and protect UHW assets and its members' interests and Plaintiff's status as an SEIU and UHW dues paying member for twenty-three (23) years, there exists a fiduciary duty owed by SEIU to Plaintiff.

28. Furthermore, Plaintiff necessarily reposed trust and confidence in defendants to, *inter alia*, (a) conduct a fair election, (b) not use UHW assets to subsidize a trustee's campaign, (c) appoint competent election officials, (d) ensure an independent election process if the UHW trustee, with the ability to hire and fire UHW staff, is a candidate in the election, (e) not engage in self-dealing or conflicts of interest, (f) act in every UHW member's best interest, (g) act in Sims' best interest, (h) not misappropriate UHW resources and funds, (i) not collude with an employer during a decertification election, and/or (j) not use their position or authority to cause UHW staff to campaign against or for any candidate during the scope of employment.

29. Defendants breached their fiduciary duty to Plaintiff by (a) misappropriating UHW and Sims' assets and union dues, (b) failing to safeguard UHW and Sims' assets and union dues, (c) failing to find any wrongdoing in Regan's use of UHW and Sims' assets and union dues, (d) failing to disqualify Regan and Lyles despite their self-dealing and multiple conflicts of interest, (e) failing to appoint competent election officials, (f) letting Regan, Lyles, and/or UHW staff appoint the election committee, (g) not acting in UHW members' or Sims' best interest, (h) colluding with an employer during a decertification election and/or (h) failing to ensure an independent, fair election process.

30. As a result of said breaches of fiduciary duty, Plaintiff and UHW members have been damaged in an amount according to proof not less than five

million dollars ($5,000,000.00).

31. In doing the acts alleged above, defendants acted with malice, fraud and oppression, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

(Against SEIU, Henry and Medina)

32. Plaintiff hereby repeats and realleges by reference all facts and allegations contained in paragraphs 1-31 of this Complaint as though fully and completely set forth herein.

33. With actual or constructive knowledge of the fiduciary relationship between Plaintiff on the one hand, and Regan and Lyles, respectively, on the other, SEIU, Henry and Medina, through their actions, or inaction, assisted Regan and Lyles in (a) misappropriating UHW and Sims' resources and union dues, (b) failing to safeguard UHW and Sims' resources and union dues, (c) colluding with an employer during a decertification election and/or (d) failing to ensure an independent, fair election process.

34. As a result of said breaches of fiduciary duty, Plaintiff and UHW members have been damaged in an amount according to proof not less than five million dollars ($5,000,000.00).

35. In doing the acts alleged above, defendants acted with malice, fraud and oppression, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION – BREACH OF CONTRACT**

(Against SEIU, Regan, Lyles, Medina and Henry)

36. Plaintiff hereby repeats and realleges by reference all facts and allegations contained in paragraphs 1-35 of this Complaint as though fully and completely set forth herein.

37. Plaintiff is a UHW and SEIU dues paying member and is entitled to certain rights under the SEIU and UHW Constitutions, including, but not limited to, the right to choose the leaders of the union in a fair and democratic manner and the right to a full accounting of union dues.

38. Plaintiff has paid her union dues and performed all terms and conditions of the SEIU Constitution except to the extent that her performance was waived, prevented, or excused by the acts, conduct and/or omissions of the defendants.

39. SEIU, Regan, Lyles, Medina, and Henry have materially breached the SEIU Constitution by engaging in, among other things, the conduct complained of hereinabove.

40. As a result of the foregoing actions and conduct, Plaintiff and UHW members have been damaged in an amount according to proof not less than five million dollars ($5,000,000.00).

## FOURTH CAUSE OF ACTION – CONVERSION

(Against Lyles)

41. Plaintiff hereby repeats and realleges by reference all facts and allegations contained in paragraphs 1-40 of this Complaint as though fully and completely set forth herein.

42. The monies transferred to the sham organization and used for attorney's fees in disputes against SEIU were the property of Sims and UHW members. The monies used to subsidize the campaigns of Regan and Lyles were the property of Sims and UHW members.

43. Regan and Lyles converted this money to their own use and benefit by failing to return said monies to Sims and UHW members.

44. As a result of the foregoing actions and conduct, Plaintiff and UHW members suffered economic and general damages in an amount not less than seven hundred thousand dollars ($700,000.00) according to proof at trial.

45. In doing the acts alleged above, Regan and Lyles acted with malice, fraud and oppression, entitling Plaintiff to punitive and exemplary damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION – ACCOUNTING

(Against UHW, Regan, and Lyles)

46. Plaintiff hereby repeats and realleges by reference all facts and allegations contained in paragraphs 1-45 of this Complaint as though fully and completely set forth herein.

47. Pursuant to the SEIU Constitution, Plaintiff is entitled to a full accounting of union dues. Furthermore, 29 U.S.C. § 481(g) prevents candidates in a union election from using union dues to subsidize their campaigns.

48. As a result of foregoing Plaintiff and UHW members are entitled to a full accounting and any other available equitable relief.

## SIXTH CAUSE OF ACTION – DECLARATORY RELIEF

(Against SEIU)

49. Plaintiff hereby repeats and realleges by reference all facts and allegations contained in paragraphs 1-48 of this Complaint as though fully and completely set forth herein.

50. An actual dispute and controversy now exists between the Plaintiff, UHW members, and SEIU as to whether UHW or SEIU should pay the costs for an additional decertification election, if it is determined that SEIU and/or it former appointed trustee, Regan, colluded with an employer (Kaiser) during the past decertification election. Plaintiff believes that SEIU should cover all costs associated with another decertification election if the past decertification election is

set aside due to the misconduct of SEIU and/or its appointed trustee.

51.   Plaintiff is informed and believes based thereon that the SEIU disputes Plaintiff's contentions. Plaintiff therefore desires and requests a judicial determination and declaration of the respective rights and obligations of the parties.

Wherefore, Plaintiff prays:

### ON THE FIRST CAUSE OF ACTION

1. For damages in amount according to proof not less than five million ($5,000,000.00);
2. For punitive and exemplary damages according to proof at trial;

### ON THE SECOND CAUSE OF ACTION

3. For damages in amount according to proof not less than five million ($5,000,000.00);
4. For punitive and exemplary damages according to proof at trial;

### ON THE THIRD CAUSE OF ACTION

5. For damages in amount according to proof not less than five million ($5,000,000.00);

### ON THE FOURTH CAUSE OF ACTION

6. For damages in amount according to proof not less than seven hundred thousand ($700,000.00);
7. For punitive and exemplary damages according to proof at trial;

### ON THE FIFTH CAUSE OF ACTION

8. For an accounting;

9. Any other available equitable relief;

### ON THE SIXTH CAUSE OF ACTION

10. For declaratory relief;

11. Any other available equitable relief;

### ON ALL CAUSES OF ACTION

12. For reasonable attorney fees;

13. For interests and costs of suit incurred herein;

14. For other such relief as is just and proper.

 

                                          Respectfully Submitted,

Date: April 14, 2011              By:  /s/ Muammar Reed_____
                                                 Muammar Reed, Esq.
                                                 Attorney for Plaintiff

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Respectfully submitted,

Date: April 14, 2011                    By: /s/ Muammar Reed
                                              Muammar Reed, Esq.
                                              Attorney for Plaintiff